Jessica Ruth Lobis Buckwalter, Esq. (State Bar No. 199200)
LEWIS BAACH KAUFMANN MIDDLEMISS PLLC
1050 K Street NW, Suite 400
Washington, DC 20001
Telephone: (202) 833-8900
Email: jessica.buckwalter@LBKMlaw.com
*Attorneys for Plaintiff EQIBank Limited*

FILED
Jul 06, 2026
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

SEALED

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

REDACTED

EQIBank Limited,

*Plaintiff,*

v.

United States of America,

*Defendant.*

No. 2:26-mc-0208 DAD CKD

**DECLARATION OF JESSICA RUTH LOBIS BUCKWALTER IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR EXPEDITED SCHEDULE**

I, Jessica Ruth Lobis Buckwalter, hereby declare:

1. I am an attorney, licensed to practice law in the state of California. I represent Plaintiff EQIBank Limited ("EQIBank" or the "Bank") in the above-captioned action.

2. I am informed by my partner, Arthur D. Middlemiss (pro hac vice application pending) that he is a former Managing Director at JPMorgan Chase, where he held senior positions in the firm's anti-money laundering ("AML") compliance department and was the head of the firm's global anti-bribery and corruption program. He has served as a testifying expert on AML matters multiple times on behalf of the Financial Industry Regulatory Authority ("FINRA") and has been permitted to serve as an AML expert witness in ongoing federal civil matters.[1]

3. I am further informed by Mr. Middlemiss that he has been qualified as an expert with respect to the prudential regulation or prudential supervision of banks, including but not limited to capital requirements, liquidity ratios, and risk limits that are applied to ensure that a bank remains stable, resilient, and capable of protecting depositors' funds. However, I am informed that, based on his experience working in the financial sector, and his review of bank risk literature published by the Basel Committee and the Federal Reserve, that it is clear to him that the Bank is in dire financial straits, and bears extreme risk of being placed into receivership.

4. I am further informed by Mr. Middlemiss that, due to the government's unexpected seizure of 80% of the EQIBank's assets, there is an imminent threat of the collapse of the Bank's business operations and receivership by its regulator in the Commonwealth of Domnica, the Financial Services Unit ("FSU").

5. I am further informed by Mr. Middlemiss that the Bank may fail due to this seizure because the Bank 1) will be unable to function because it cannot meet its clients' needs for financial services; 2) faces a bank run if depositors suddenly decide to withdraw their funds from the bank; and 3) will be unable to function because it cannot meet its operating expenses.

[1] Mr. Middlemiss provided expert testimony in the following FINRA matters; his testimony was cited with approval in each matter by the hearing panel. *Dep't of Enforcement v. C.L. King and Associates et al.* (Disciplinary Proceeding No. 20140404769010), *Dep't of Enforcement v. Suzanne Marie Capellini,* (Disciplinary Proceeding No. 2020066627202), and *Dep't of Enforcement v. Lek Securities Corp, et al.*, (Disciplinary Proceeding 2021071137001). He submitted expert reports in the remaining FINRA matter, but was not asked to testify because the matter resolved itself short of a hearing.

6. I am informed by Mr. Middlemiss that he and LBKM partner Anthony Capozzolo (pro hac vice application pending) were told by the Government that it had reached out Bank client [redacted] regarding the seizure, and confirmed, in substance, the Government's position that the ultimate beneficiary of at least some of the funds held by Capstone was [redacted]. Further, I understand that the Bank provided the Government documentation supporting that position. That documentation has been included in the Bank's motion here.

7. On June 30, 2026, Counsel for Plaintiff, via email, sought to obtain the government's consent to an expedited schedule. The Plaintiff suggested a schedule and, in the alternative, asked the Government to suggest an alternative. The Government rejected any such expedited schedule and indicated that the deadline was August 25, 2026, despite having been repeatedly informed that the seizure of the Bank's assets threatens the imminent destruction of the Bank as a functioning entity. This email exchange is attached as attached hereto as Exhibit A.

8. I have also reviewed correspondence from the FSU to the Bank dated June 15, 2026 (Exhibit B). In part, the June 15, 2026 FSU letter states:

> *As a result, we are placing the bank under enhanced supervision. You are required to provide a report by Thursday, June 18, 2026:*
>
> - *regarding your cooperative efforts with the DOJ, including all materials and representations made to the DOJ;*
> - *regarding your negotiations with the DOJ for the return of seized funds;*
> - *regarding your intent to seek assistance from the U.S. courts for the return of the seized funds and an opinion from U.S. counsel about the likelihood of success of such an action.*
>
> *You are hereby informed that if:*
>
> 1. *the FSU is not satisfied as to EQI Bank's financial condition, including its liquidity and capital position;*
> 2. *the FSU is not satisfied with EQI Bank's efforts to recover the seized funds; or*

*3. EQI Bank is, or appears likely to become, unable to meet its obligations, the FSU shall consider taking immediate regulatory action, including taking control over the affairs of EQIBank pursuant to section 13 of the Offshore Banking Act Chapter 73:02, placing EQI Bank into receivership pursuant to section 34 of the Act, and, where warranted, subsequent revocation of license.*

9. The Bank has repeatedly made offers of compromise, such as partial releases of the funds and conditions under which those funds will be released and offered commitments by the Bank's officials on how it will treat its depositors' funds. The Government has summarily rejected all these potential compromises without any explanation as to why this would be insufficient.

10. I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 6, 2026.

/s/ Jessica Ruth Lobis Buckwalter
Jessica Ruth Lobis Buckwalter, Esq.
LEWIS BAACH KAUFMANN
MIDDLEMISS PLLC
1050 K Street, NW, Suite 400
Washington, DC 20001
(202) 659-7971
jessica.buckwalter@LBKMlaw.com
*Attorneys for Plaintiff EQIBank Limited*

# EXHIBIT A

**From:** Anthony Capozzolo <Anthony.Capozzolo@LBKMLAW.com>
**Sent time:** 07/01/2026 09:06:26 AM
**To:** Khasigian, Kevin (USACAE) <Kevin.Khasigian@usdoj.gov>; Fogg, Nicholas (USACAE) <Nicholas.Fogg@usdoj.gov>
**Cc:** Arthur D. Middlemiss <Arthur.Middlemiss@LBKMLAW.com>; Jessica R. Buckwalter <Jessica.Buckwalter@LBKMLAW.com>; James MacFadyen <James.MacFadyen@LBKMLAW.com>
**Subject:** RE: [External Email] RE: Meet and Confer

---

Nick and Kevin,

We understand the rules and take your response as rejecting our request for an <u>expedited</u> schedule and each of the options we listed – all while you understand that your seizure is crippling our client's ability to operate, something we have repeatedly advised you in our prior telephonic communications. Rule 12(a)(4) also says that 12(a)(2) applies "Unless the court sets a different time." And Rule 6(b) gives the court authority to modify time periods for good cause.

We will proceed accordingly.

Regards,
Anthony

---

**From:** Khasigian, Kevin (USACAE) <Kevin.Khasigian@usdoj.gov>
**Sent:** Wednesday, July 1, 2026 3:37 AM
**To:** Anthony Capozzolo <Anthony.Capozzolo@LBKMLAW.com>; Fogg, Nicholas (USACAE) <Nicholas.Fogg@usdoj.gov>
**Cc:** Arthur D. Middlemiss <Arthur.Middlemiss@LBKMLAW.com>; Jessica R. Buckwalter <Jessica.Buckwalter@LBKMLAW.com>; James MacFadyen <James.MacFadyen@LBKMLAW.com>
**Subject:** [External Email] RE: Meet and Confer

Hi Anthony and Arthur:

Thanks for reaching out. We do not agree that July 10 is the applicable response deadline.

This is a pre-indictment Rule 41(g) motion, so the Federal Civil Rules govern service and response timing. Service was completed on June 26, 2026, and Rule 12(a)(2) gives the United States 60 days after service on the U.S. Attorney to respond. The response deadline is therefore August 25, 2026.

Your proposed July 10 date would not apply the governing response framework. It would substantially compress that period while the sealing motion remains pending and, in effect, require the United States to respond in potentially just a few days. We do not agree to that schedule. The governing deadline is August 25, 2026. If you see the deadline differently, happy to discuss and continue the meet-and-confer and schedule a call for tomorrow or early next week.

For reference, see United States v. Ritchie, 342 F.3d 903 (9th Cir. 2003), United States v. Ibrahim, 522 F.3d 1003 (9th Cir. 2008), and Nottoli v. United States, No. 1:13-mc-00049, 2013 WL 5423586 (E.D. Cal. Sept. 26, 2013).

We are filing a brief notice to avoid any unnecessary dispute on that issue while the sealing question is resolved.

--Kevin

**Kevin C. Khasigian | Assistant United States Attorney | Eastern District of California**
Robert T. Matsui United States Courthouse | 501 I Street, Suite 10-100 | Sacramento, CA 95814
*tel* (916) 554-2723 | *email* Kevin.Khasigian@usdoj.gov

---

**From:** Anthony Capozzolo <Anthony.Capozzolo@LBKMLAW.com>
**Sent:** Tuesday, June 30, 2026 3:49 PM
**To:** Fogg, Nicholas (USACAE) <Nicholas.Fogg@usdoj.gov>; Khasigian, Kevin (USACAE) <Kevin.Khasigian@usdoj.gov>
**Cc:** Arthur D. Middlemiss <Arthur.Middlemiss@LBKMLAW.com>; Jessica R. Buckwalter <Jessica.Buckwalter@LBKMLAW.com>; jamesmacfadyenlbkml (Vendor) <james.macfadyen@lbkmlaw.com>
**Subject:** [EXTERNAL] Meet and Confer

Nick and Kevin,

Now that a judge has been assigned, we would like to ask for an expedited schedule. To do that, we would need to meet and confer.

Can you let us know if you a) oppose expediting the matter; b) can suggest a schedule less than the normal 35 days or c)

would accept our request that the briefing schedule would be - Govt. Response by July 10. Defense reply due by July 13. And hearing on July 20th.

If you agree to our suggested schedule, we would contact the deputy and ask if the agreed schedule would work with the judge and then serve the notice of hearing and submit a motion to expedite along with the Notice.

Let us know your position, we are happy to jump on a call as well.

Thank you.

-Anthony

---

**Anthony M. Capozzolo**

**Lewis Baach Kaufmann Middlemiss PLLC**

10 Grand Central

155 East 44th Street, 25th Floor

New York, New York 10017

**t:** 212 897 1970

**m:** 201 696 1481

---

*This communication is confidential and may contain privileged information. If you have received this communication in error, please delete it and advise the sender by reply e-mail. Thank you.*

# EXHIBIT B

COMMONWEALTH OF DOMINICA
MINISTRY OF FINANCE, ECONOMIC DEVELOPMENT, CLIMATE RESILIENCE AND SOCIAL SECURITY

**Financial Services Unit**

Tel: (767) 266 3514 / 3559
Fax: (767) 448 0054
E-mail: fsu@dominica.gov.dm
Website: www.fsu.gov.dm

5th Floor, Financial Centre
Kennedy Avenue
Roseau
Commonwealth of Dominica

15 June 2026

Mr. Christopher Burke
Director
EQIBank Limited
24 Hillsborough Street, Suite II
Roseau
Commonwealth of Dominica
By email: c.burke@eqibank.com

Dear Mr. Burke,

**Re Seizure of EQI Bank's Funds by the United States Department of Justice**

The Financial Services Unit writes further with respect to your letters of 5th June 2026 and 12th June 2026, concerning the reported seizure by the United States Department of Justice ("DOJ") of funds held through Capstone Limited, a United States Money Services Business and service provider to EQIBank Limited. We again note your representation, current as of 12th June, 2026, that the DOJ investigation concerns Capstone Limited and that EQIBank has been advised by its United States counsel that EQIBank is not a target of that investigation.

We further note that, pursuant to our letter dated 5th June 2026, you have cooperated with the DOJ investigation and have done so in accordance with the terms provided in that letter. As we stated, such cooperation is consistent with the public interest, the protection of depositors and clients, the deterrence of financial crime, and the protection and enhancement of Dominica's reputation as a financial services jurisdiction. The FSU's statutory objectives include maintaining public confidence in the financial system, deterring financial crimes, supervising licensees, and promoting mutual assistance and exchange of information with foreign regulatory authorities and relevant international bodies.

As noted in our 5th June letter, Capstone Limited was the entity through which EQIBank states that its Minimum Paid-Up Capital and Reserve Fund were pledged in observance of Directive No. FSU/OB/11/2025. We understood at the time that EQIBank was taking steps to issue a new pledging form through another licensed and regulated banking partner. This matter is of significant regulatory concern.

We understand, based on your letter of 12th June 2026, that the above-referenced DOJ seizure involves a substantial percentage of the bank's depository funds and that it is becoming increasingly likely that the Bank will no longer be able to meet withdrawal demands. We have substantial concern that you face a catastrophic liquidity crisis and a material risk of insolvency.

As a result, we are placing the bank under enhanced supervision. You are required to provide a report by Thursday, June 18, 2026:

- regarding your cooperative efforts with the DOJ, including all materials and representations made to the DOJ;
- regarding your negotiations with the DOJ for the return of seized funds;

- regarding your intent to seek assistance from the U.S. courts for the return of the seized funds and an opinion from U.S. counsel about the likelihood of success of such an action.

You are hereby informed that if:

1. the FSU is not satisfied as to EQI Bank's financial condition, including its liquidity and capital position;
2. the FSU is not satisfied with EQI Bank's efforts to recover the seized funds; or
3. EQI Bank is, or appears likely to become, unable to meet its obligations,

the FSU shall consider taking immediate regulatory action, including taking control over the affairs of EQIBank pursuant to section 13 of the Offshore Banking Act Chapter 73:02, placing EQI Bank into receivership pursuant to section 34 of the Act, and, where warranted, subsequent revocation of license .

Please govern yourselves accordingly.

Yours sincerely,

**Patrickson Carbon**
Director
Financial Services Unit
Commonwealth of Dominica