ERIC GRANT
United States Attorney
NICHOLAS M. FOGG
KEVIN KHASIGIAN
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Defendant
United States of America

FILED
Jul 13, 2026
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQIBANK LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO. 2:26-mc-0208-DAD-CKD<br><br>OPPOSITION TO RULE 41(g) MOTION |

The Court should decline to assume equitable jurisdiction over plaintiff EQIBank Limited's ("EQIBank") Rule 41(g)[1] motion once the United States files a civil forfeiture complaint against the seized funds. The United States anticipates filing that complaint before the Thursday July 16, 2026 hearing on EQIBank's motion. The Ninth Circuit has held that the filing of a civil forfeiture complaint justifies declining equitable jurisdiction because a civil forfeiture action provides a movant with an adequate remedy at law.

Rule 41(g) motions, in the absence of an indictment, "are treated as civil equitable proceedings" in which courts "must exercise caution and restraint before assuming jurisdiction." *Ramsden v. United States,* 2 F.3d 322, 324 (9th Cir. 1993). The Ninth Circuit has identified four factors to guide courts in deciding to assume that equitable jurisdiction. *Id.* at 325. First, "whether the Government displays a

[1] All rule citations are to the Federal Rules of Criminal Procedure unless otherwise noted.

callous disregard for the constitutional rights of the movant." *Id*. Second, "whether the movant has an individual interest in and need for the property." *Id.* Third, "whether the movant would be irreparably injured by denying return of the property." *Id.* Fourth, "whether the movant has an adequate remedy at law for the redress of his grievance." *Id.*

The Ninth Circuit has held that courts should decline to assume equitable jurisdiction over a Rule 41(g) motion once a civil forfeiture action is filed. *United States v. U.S. Currency $83,310.78*, 851 F.2d 1231, 1232 (9th Cir. 1988). The civil forfeiture action provides the movant an adequate remedy at law. *Id*. at 1235. Further, the Federal Rules of Criminal Procedure, including Rule 41, do not apply to civil forfeiture actions. *Id.* at 1232; Fed. R. Crim. P. 1(a)(5)(B).[2] District courts have followed the Ninth Circuit's guidance and dismissed Rule 41(g) motions in lieu of civil forfeiture actions. *See Khudainatov v. United States*, 2023 WL 7501393, *3 (S.D.Cal. 2023) ("The existence of the Civil Forfeiture Action divests the Court of subject matter jurisdiction"); *In re Seizure of One Blue Nissan Skyline Auto.*, 2009 WL 3488675, *1 (C.D.Cal. 2009) ("[T]he civil forfeiture action provides Movant with an adequate remedy at law").

In this case, the United States anticipates filing a civil forfeiture complaint before the Thursday July 16, 2026 hearing on EQIBank's Rule 41(g) motion. The resulting civil forfeiture action will provide EQIBank an adequate remedy at law.

Further, the filing of a civil forfeiture complaint will tilt the equities away from assuming equitable jurisdiction. Obtaining seizure warrants and then filing a civil forfeiture complaint does not evince a callous disregard for EQIBank's rights. *See In re Chandler*, 270 F.R.D. 576, 579 (S.D.Cal. 2010) (finding no callous disregard where government obtained a seizure warrant). The civil forfeiture action will allow EQIBank to assert its claim of innocent ownership. And, unlike a sealed, equitable proceeding, a civil forfeiture action will allow other entities with an interest in Capstone's funds to assert claims.

///

///

---

[2] At the time *U.S. Currency $83,310.78* was decided, current Rule 1(a)(5)(B) was located at prior Rule 54(b)(5) and current Rule 41(g) was located at prior Rule 41(e).

Because EQIBank will have an adequate remedy at law and the equities otherwise tilt against assuming equitable jurisdiction, EQIBank's Rule 41(g) motion should be dismissed upon the United States' filing of a civil forfeiture complaint.

Dated: July 13, 2026

ERIC GRANT
United States Attorney

By: /s/ NICHOLAS M. FOGG
NICHOLAS M. FOGG
KEVIN KHASIGIAN
Assistant United States Attorneys