Jessica Ruth Lobis Buckwalter, Esq. (State Bar No. 199200)
Arthur D. Middlemiss, Esq. (admitted *pro hac vice*)
Anthony M. Capozzolo, Esq. (admitted *pro hac vice*)
LEWIS BAACH KAUFMANN MIDDLEMISS PLLC
1050 K Street, NW, Suite 400
Washington, DC 20001
(202) 659-7971
jessica.buckwalter@lbkmlaw.com
arthur.middlemiss@lbkmlaw.com
anthony.capozzolo@lbkmlaw.com

*Attorneys for Plaintiff EQIBank Limited*

**FILED**
Jul 14, 2026
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EQIBank Limited,

*Plaintiff,*

v.

United States of America,

*Defendant.*

No. 2:26-mc-0208 DAD CKD

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RETURN OF PROPERTY PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 41(g)**

The Government's tack to moot EQIBank Limited's ("Plaintiff" or the "Bank") Rule 41(g) motion via an anticipated civil forfeiture action is pure gamesmanship that evidences a callous disregard for the continued operations of a non-U.S. bank that it has declared, repeatedly, is not a target of its investigation. The Government's own admission in that regard concedes that its continued retention of the funds is no longer justified. The adequacy of a remedy must be assessed from the perspective of the specific movant, not in the abstract. The Bank respectfully requests that the Court rule on its 41(g) motion absent a hearing based on the record before it.

**1. Mere Promise to File Insufficient to Deprive the Court of Equitable Jurisdiction**

The mere announcement of an "I-promise-to-file" strategy does not provide a current remedy at law. Nor does it defeat this Court's equitable jurisdiction. As this Court has ordered an accelerated motion schedule, the Bank's position is one of urgency, if not desperation. The Government's conveniently timed announcement that it "intends" to file a civil forfeiture complaint fails to provide the Court or the Bank adequate notice of the proceeding and provides the Bank no current legal remedy. No circuit has held that such an announcement automatically divests the court of equitable jurisdiction. *United States v. Bluitt*, 815 F. Supp. 1314 (N.D. Cal. 1992) (a mere notice of seizure [without actual filing of forfeiture complaint] was not sufficient to constitute an adequate remedy at law); *In re Seizure of $150,700.00, More or Less, U.S. Currency & Coin, Apr. 24, 1991*, 765 F. Supp. 1416 (W.D. Mo. 1991) (court retained jurisdiction over a Rule 41(g) motion even where the motion appeared designed to trigger rapid filing of a forfeiture action, and the government had not yet actually filed); see also *Matter of Ninety-One Thousand Dollars in U.S. Currency*, 715 F. Supp. 423 (D.R.I. 1989) (holding that the subsequent commencement of administrative forfeiture proceedings does not automatically oust the district court from jurisdiction to hear a Rule 41(g) motion; the decision turns on equitable grounds and may still be heard in the court's discretion).

As a result, the 41(g) motion is still "live." Courts have held that a remedy at law must be plain, clear, certain, prompt or speedy, sufficient, full, complete, practical, efficient, and final in order to preclude equitable relief. *Interstate Cigar Co. v. United States*, 928 F.2d 221, 223 (7th Cir. 1991) (quoted in *United States v. Bluitt*, 815 F. Supp. at 1317). The mere existence of a possible legal remedy (which we presume the Government will slow roll once filed) is not sufficient to deny equitable relief.

**2. The Court May Retain Jurisdiction to Prevent Manifest Injustice**

Even after a civil forfeiture complaint is filed, courts have recognized a narrow residual equitable jurisdiction to prevent manifest injustice in truly exceptional circumstances. The District Court for the District of Columbia in *Richman v. United States*, 350 F.R.D. 401 (D.D.C. 2025), a 2025 decision, exercised equitable jurisdiction under Rule 41(g) and ordered return of property where no criminal charges had been brought and the equitable factors supported relief.

Courts have identified the following circumstances as potentially justifying residual equitable jurisdiction even when forfeiture proceedings are pending: suppression of evidence prior to an indictment; deterrence of unlawful conduct by law enforcement; correction of a procedurally deficient forfeiture; and award of equitable relief for truly exceptional circumstances such as government misconduct or destruction of property. *See Matthews v. United States*, 917 F. Supp. 1090, 1101-1102 (E.D. Va. 1996). In *Chaim v. United States*, 692 F. Supp. 2d 461 (D.N.J. 2010), the court acknowledged there is no per se rule rendering third-party Rule 41(g) motions moot upon the filing of a forfeiture allegation. Although the Court found in that case that the pending criminal proceeding provided an adequate remedy at law, that was largely due to the fact that the Court found that no irreparable harm had been demonstrated. Here, the Bank has more than adequately demonstrated the threat of irreparable harm, a point the government has not demonstrated.

Further, the Bank's position is that it is an innocent owner of the seized funds. The Bank has an unclouded, straightforward possessory interest, with not even a suggestion offered by the Government that the property is illegitimate in the Bank's hands. This fact distinguishes the matter from *In re Chandler*, 270 F.R.D. 576 (S.D. Cal. 2010), where the claimant was the target of the Government's investigation.

This Court should not rubber stamp the Government's promise to file. At present, the record is sufficient to decide the 41(g) motion. The Government has displayed a callous disregard for the constitutional rights of the movant; the movant has an individual interest in and need for the property; the movant would be irreparably injured by denying return of the property; and the movant has no other current adequate remedy at law. *Ramsden v. United States*, 2 F.3d 322 (9th Cir. 1993).

**3. Alternatively, the Court has Authority Under CAFRA to Expedite the Proceedings In Line with Its Current Order**

Like Kafka's *The Trial*, it appears that the government's strategy is death by bureaucratic delay rather than to address the Bank's heretofore uncontested showing that the funds belong to it.

But even if the Government had filed a civil forfeiture complaint, under 18 U.S.C. § 983(f)(8), the statutory hardship release provision permits the Court to release the funds to the Bank.[1] Under normal conditions, the Bank would need to request release from the Government and then wait 15 days to petition the Court. And then the statute provides up to a 30-day window for a court to render a decision. Here, given the urgent circumstances, even that time schedule is likely to be fatal to the Bank.

[1] Currency, monetary instruments and electronic funds that "constitute[] the assets of a legitimate business" are subject to hardship release (see 18 U.S.C. § 983(f)(8)(A)). And here, in the case of a banking business, the depositor's funds are the most significant asset of the business.

Where the Government has chosen to strategically avoid contesting the Bank's factual claims, there is no longer a necessity to hold a hearing. The Court has received sufficient evidence on factual issues to decide the motion. In this vein, the Government's imaginary and speculative concern for the rights of other potential innocent owners rings hollow – the Bank has put evidence before the Court sufficient to show its interest in the funds. And the Bank has no other current legal remedy.

And the irreparable harm that supports an expedited determination was spelled out by Congress in § 983(f)(1)(C) – preventing the functioning of a business. *United States v. Undetermined Amount of U.S. Currency*, 376 F.3d 260, 264 (4th Cir. 2004). But since the government has not filed the forfeiture action, the Court can simply decide this matter under the pending Rule 41(g) motion.

Accordingly, the Bank submits respectfully that the Court should rule on its 41(g) motion now.

DATED: July 14, 2026

/s/ Arthur D. Middlemiss (admitted *pro hac vice)*
Jessica Ruth Lobis Buckwalter, Esq.
Anthony M. Capozzolo (admitted *pro hac vice*)
LEWIS BAACH KAUFMANN
MIDDLEMISS PLLC
1050 K Street, NW, Suite 400
Washington, DC 20001
(202) 659-7971
jessica.buckwalter@lbkmlaw.com
arthur.middlemiss@lbkmlaw.com
anthony.capozzolo@lbkmlaw.com

*Attorneys for Plaintiff EQIBank Limited*